Alfonso Morales, Plaintiff and Appellant, *v.* Zoilo Alvarez, Defendant and Appellee.

No. 8796. Argued January 17, 1944.—Decided March 6, 1944.

*H. Ramos Mimoso* for appellant. *G. Rivera Cestero* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The judgment appealed from was based on an order granting a demurrer for insufficiency. In order to determine whether the judgment resolved the conflict correctly, we must set forth the essential averments of the two causes of action stated in the complaint.

As a first cause of action it is alleged that about February 1940, in the town of Dorado, the defendant requested the services of the plaintiff to obtain for him the sale of a rural property for not less than $17,000. It was agreed that should the sale be effected, the plaintiff would receive, as his compensation, all the furniture of a house located in the same farm, which furniture the defendant assessed, according to the plaintiff, at $800, and besides, the plaintiff would also receive a certain amount in cash to be subsequently determined by both parties; that the plaintiff took the pertinent steps and the property was sold to Julio Morales for the sum of $18,000; and that the reasonable value of plaintiff's services, including the agreed price of the furniture, is $925, which amount the defendant refuses to pay.

The second cause of action consists in that the plaintiff agreed with the defendant to obtain the sale of some cattle

which the latter had at said farm, the defendant binding himself to pay the plaintiff for his services a reasonable amount in proportion to the price obtained for the cattle; that the plaintiff took the pertinent steps as a result of which the cattle was sold to Félix Alvarez for $1,400; and that the reasonable value of plaintiff's services for the sale of the cattle amounts to $100, which amount has not been paid to him notwithstanding his requests for such payment.

At the close of the complaint the plaintiff prays for judgment in the sum of $1,025 which is the total amount of both causes of action, with legal interest from the time the complaint was filed, costs, and attorney's fees.

In deciding the demurrers interposed by the defendant, the lower court held that since part of the compensation included the delivery of the furniture, the plaintiff should have filed an action of breach of contract and not one for the recovery of compensation as he did. The lower court further stated that even if the actions brought were considered as lease of services, the complaint in both cases of action did not adduce sufficient facts: (a) because the essential element of a contract is lacking, that is, the *specified price* of the services, and (b) because in the absence of an agreed price, it should have stated the price recognized by custom and frequent usage in the place where such services were rendered, and in that case plaintiff was bound to establish that he performed said services regularly and frequently.

 In a contract of lease of services, according to §1434 of the Civil Code (1930 ed.), one of the parties binds himself to execute a work or to render a service to the other *for a specified price.* Except in labor contracts, [1] it is not indispensable for its validity that the price be paid in cash or specie. Payment may be made in specie, cash, or in cash and specie, according to the agreement between the parties.

[1] Section 1 of the Act relative to Labor Contracts, Appendix of Civil Code (1930 ed.), p. 421.

It is true that the Code *Las Siete Partidas* required as the essential elements of a contract of lease of services, not only the existence of a specified price, but also that said price be paid in "cash," stating further: "But if he should receive something different than cash, it would not be a lease contract, but an innominate contract, as we stated in the last law dealing with barter." (Partida V, tit. 8, law 1.) But even if the Civil Code adopted the law of the *Partidas* as to the requirement of a specified price, however, it did not demand the payment in cash or specie.

Nevertheless, in a contract for hire of services the price need not be agreed on beforehand, in order to establish a *specified price*, for the specified price exists, under §1434, not only when it has been expressly agreed upon, but also when it is fixed by the custom and usage of the place in which such services are rendered.[2] Judgment of October 18, 1899, of the Supreme Court of Spain, (88 *Jur. Civ.* 105). Examining the element of *specified price* in this contract, Scaevola states:

"The term *specified price* as locally used is synonymous to *predetermined* price, *determined* price and *determinable* price, and whichever form is used, so long as it coexists consensually with the rendering of services, or the execution of the work, the existence of a perfect contract of lease may be established.

" * * * * * * *

"As we have said, the determination of the price in the hire of services may have its origin either in its official predetermination (v. gr. tax), or in the contract itself, if a fixed amount was stipulated in the same, or at a rate per unit (time measure), or in the custom of the place after an assessment of the services. The first is the predetermined price, the second is determined, and the third is determinable. Any of these three modalities, beyond all doubt, constitutes

---

[2] With respect to contracts for hire of professional services §1473 of the Civil Code provides that as regards the remuneration therefor, the same shall be subject to the agreement of the parties; and where there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover from the adverse party the *reasonable value of such services* in any court of competent jurisdiction.

a specified price." Scaevola, Civil Code, volume 24 (first part), pp. 430 and 435.

Applying the doctrine advanced by Scaevola, we have no doubt that from the complaint there appears, in part, the existence of the *specified price* which the law requires, and that it is a determined price as to the furniture, and determinable as to the remaining price, since its value can be easily established by the custom and usage of the place in which the services were rendered. Notwithstanding this, the complaint lacks the essential allegations establishing both causes of action. As to the furniture, it is clear that the plaintiff should have claimed the furniture itself, since it was thus agreed between the parties, and he could not substitute for the same its reasonable value, without stating in the complaint any legal reason for such substitution. As to the rest of the price, the determinable one, since this is not a case of *professional services*, the plaintiff can not recover the *reasonable value* of said services, as he contends, but he should claim the price established by the custom and usage in the place where the services were rendered. It is not necessary to allege, as was held by the lower court, that the plaintiff "performed said services regularly and frequently." Said allegation is required only in an action brought by an agent to recover for his services when an agreement of compensation is lacking, in order to overcome the presumption that said agency is gratuitous according to §1602 of the Civil Code. But in the instant case the defendant did not appoint the plaintiff as his representative at any time, and therefore, the relation of principal and agent was not established between them.

The cases of *Garcia* v. *Cañada,* 11 P.R.R. 403; *Agosto* v. *Woods,* 13 P.R.R. 356, and *Ledesma* v. *Araujo,* 15 P.R.R. 234, 238, do not uphold the conclusion of the lower court to the effect that the complaint was susceptible of being amended. The cases of *Garcia* v. *Cañada, supra,* and *Agosto*

v. *Woods, supra,* were decided on their merits, and in the complaints thereof, the price recognized by custom and frequent usage is not stated, and the plaintiffs only claimed what, in their belief, was the reasonable value of their services. Since the cases were heard on their merits without any attempt being made to establish the price according to custom and usage, the lower court rendered judgment dismissing the complaint, as the question of amending the complaint was not raised.

In the case of *Ledesma* v. *Araujo, supra,* the complaint stated the existence of an agency contract, but since the plaintiff failed to prove that the defendant bound himelf to pay for his services and that his occupation was not that of performing services of the character to which the agency refers, the agency was presumed gratuitous and the complaint was therefore dismissed as pointed out herein.

Lastly, the case of *Ex parte Capó,* 59 P.R.R. 891, also cited by the lower court, was not applicable either because, according to the answer filed in said case, no agreement was ever reached as to the amount of claimant's compensation, which fact was held proven by the lower court and admitted by the claimant himself; but conceding that, in the absence of said express agreement, the parties acted under the assumption that such services were not to be gratuitous, the complaint failed to state the price recognized by the custom and usage in the place where such services were rendered.

■ However, we can not agree that the complaint is not susceptible of amendment. The plaintiff may certainly amend it, following the reasoning in this opinion, and since judgment was not rendered on petition of the plaintiff, but *sua sponte* without giving him an opportunity to amend the same, because it did not believe it could be done, the judgment appealed from should be reversed and the case remanded to the lower court with instructions to grant the plaintiff a reasonable period to amend his complaint.